UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY AYALA VINEYARD and CARSON VINEYARD,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendant. | No. 2:13-CV-01006 TLN-AC<br><br>**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |

This matter is before the Court pursuant to Federal Defendants' Motion to Dismiss the Complaint. (ECF No. 13.) Plaintiffs Beverly and Carson Vineyard (collectively referred to as "Plaintiffs") have filed an opposition to Federal Defendants' motion in which they concede that they failed to exhaust their administrative remedies prior to filing the instant law suit, but request that the Court allow them to amend the Complaint.[1]  (Pls.' Opp., ECF No. 14 at 3.) Federal Defendants filed a reply in which they assert that the Court lacks jurisdiction over Plaintiffs' claims because the Complaint was filed prior to the exhaustion of Plaintiffs' administrative remedies and thus cannot be cured through amendment.  (Defs.' Reply, Ecf No. 15 at 2.)

The Court agrees.  In addressing this very issue, the Supreme Court held that an "'action

---

[1] Plaintiffs concede that they filed the Complaint prematurely but state that they did so in order to prevent the statute of limitations from running while they exhausted their administrative remedies. (ECF No. 14 at 2.)

1  shall not be instituted unless the claimant shall have first presented the claim to the appropriate
2  Federal agency and his claim shall have been finally denied by the agency in writing and sent by
3  certified or registered mail.'" *McNeil v. United States*, 508 U.S. 106, 111 (1993) (quoting 28
4  U.S.C. § 2675(a)).  In holding that the Federal Tort Claims Act ("FTCA") bars claimants from
5  bringing suit in federal court until they have exhausted their administrative remedies, the
6  Supreme Court explained that premature filing of an action under the FTCA imposes a burden on
7  the judicial system and on the Department of Justice which must assume the defense of such
8  actions.  *Id.* at 112.  "We are not free to rewrite the statutory text."  *Id.* at 111.  "Although the
9  burden may be slight in an individual case, the statute governs the processing of a vast multitude
10 of claims.  The interest in orderly administration of this body of litigation is best served by
11 adherence to the straightforward statutory command."  *Id.* at 12.  Accordingly, Plaintiffs'
12 Complaint is barred for failure to exhaust their administrative remedies prior to the expiration of
13 the statute of limitations.
14         For the reason state above, Federal Defendants' Motion to Dismiss (ECF No. 13) is
15 hereby GRANTED.  Plaintiffs' Complaint is DISMISSED and this case is CLOSED.
16         IT IS SO ORDERED.
17 Dated: May 30, 2014

Troy L. Nunley
United States District Judge